UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **JH MARINE CO., LTD.** § § **Plaintiff** § § vs. § § **M/V STAR NASIA, her engines, tackle, machinery, furniture, appurtenances, etc.,** *in rem*, **STAR TRIDENT II, LLC, STAR BULK CARRIERS CORP., and STARBULK, S.A.** *in personam* § § § § § § § § § § § **Defendants** § | CIVIL ACTION NO. 2:15-cv-00463 ADMIRALTY F.R.C.P. 9(h) |

**VERIFIED COMPLAINT FOR ARREST OF VESSEL *IN REM*
WITH REQUEST FOR ISSUE OF WARRANT OF ARREST AND
WRIT OF MARITIME ATTACHMENT AND GARNISHMENT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

NOW COMES, Plaintiff JH Marine Co., Ltd. ("Plaintiff"), through undersigned counsel, for its Verified Complaint against the M/V STAR NASIA, her engines, tackle, machinery, furniture, appurtenances, etc., ("Vessel"), defendant *in rem*, and Star Trident II, LLC, Star Bulk Carriers Corp., and Starbulk, S.A., *in personam*, stating an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h), for maritime arrest and for damages, respectfully represents upon information and belief:

### JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31341 *et seq.* (the Federal Maritime Lien Act), and within the meaning of Fed. R. Civ. P. 9(h). This action is

296093

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **JH MARINE CO., LTD.** § § **Plaintiff** § § vs. § § M/V STAR NASIA, her engines, tackle, § machinery, furniture, appurtenances, etc., § *in rem*, STAR TRIDENT II, LLC, STAR § BULK CARRIERS CORP., and § STARBULK, S.A. *in personam* § § **Defendants** § | CIVIL ACTION NO. _____ ADMIRALTY F.R.C.P. 9(h) |

### VERIFIED COMPLAINT FOR ARREST OF VESSEL *IN REM* WITH REQUEST FOR ISSUE OF WARRANT OF ARREST AND WRIT OF MARITIME ATTACHMENT AND GARNISHMENT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION:

NOW COMES, Plaintiff JH Marine Co., Ltd. ("Plaintiff"), through undersigned counsel, for its Verified Complaint against the M/V STAR NASIA, her engines, tackle, machinery, furniture, appurtenances, etc., ("Vessel"), defendant *in rem*, and Star Trident II, LLC, Star Bulk Carriers Corp., and Starbulk, S.A., *in personam*, stating an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h), for maritime arrest and for damages, respectfully represents upon information and belief:

### JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31341 *et seq.* (the Federal Maritime Lien Act), and within the meaning of Fed. R. Civ. P. 9(h). This action is

brought pursuant to Rule C and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Venue is proper in this Court because the Vessel is, or soon will be, present in this District.

## THE PARTIES

3. Plaintiff has its principal place of business in Korea and is a seller of marine fuels (also known as "bunkers") to ocean-going vessels, including the Vessel.

4. The Vessel upon which Plaintiff holds a maritime lien, is a Marshall Islands flagged ship, IMO No. 9361237, Call Sign V7KK4. Defendant Star Trident II, LLC is the registered owner of M/V STAR NASIA. Defendant Star Bulk Carriers Corp. is the beneficial owner of M/V STAR NASIA. Defendant Starbulk, S.A. is the ship manager of M/V STAR NASIA.

## COUNT I – *IN REM* AGAINST THE VESSEL (RULE C)

5. Plaintiff repeats the foregoing paragraphs.

6. Daebo International Shipping ("Daebo"), the charterer of the Vessel ordered bunkers from Plaintiff for provision to the Vessel at Singapore, by physical supplier, Wired Bunkering.

7. On or about December 24, 2014, Plaintiff sent a confirmation letter (a true and correct copy of which is attached hereto as **Exhibit A**) of the bunkers order to Daebo which in pertinent part stated:

> All sales are on credit of Vessel. Buyer is presumed to have authority to bind the vessel with a maritime lien. Disclaimer stamps placed by vessel on bunker receipt will have no effect and do not waive the seller's lien. This sale and delivery of the marine fuels described is subject to supplier's and seller's General terms and conditions of sale for marine fuels.
> Please inform us if you require a copy.

296093                                                           2

The General terms and conditions of the supplier, (a true and correct copy of which is attached hereto as **Exhibit B)** which are referenced in the confirmation letter, in pertinent part provided:

> 23. Governing Law and Jurisdiction
>
> 23.1 The Sales Agreement shall be governed by the laws of Singapore.
>
> 23.3 Nothing in this clause 23 shall in the event of a breach of the Sales Agreement by the Buyer, preclude the Seller from taking any such actions against the Buyer, any third party or the Vessel in such jurisdiction as the Seller shall in its sole discretion deems fit for the purpose for securing payment of any amount due the Seller.
> In such circumstances the proceeding shall be governed by the law (substantive and procedural) of such jurisdiction.

8. Plaintiff did not receive any notification from Daebo rejecting any of the above terms, or any other terms of its sale.

9. Plaintiff did not receive any notice of any "no lien" prohibition concerning or related to Plaintiff's provision of marine fuel to the Vessel.

10. The Master/Chief Engineer, on behalf of the Vessel, confirmed receipt of the marine fuel which Plaintiff provided to the Vessel. Attached hereto as **Exhibit C** is a true and correct copy of the Bunker Delivery Note.

11. On or about January 23, 2015, following provision of the marine fuel to the Vessel, Plaintiff rendered its commercial invoice "for the Account & Risk of Messrs.: Owners of the M/V STAR NASIA AND/OR its Operator and/or its Charterer and/or Daebo International Shipping Co., Ltd." for $137,890.12, with payment due on February 16, 2015, with a charge of 2% per month prorated on payments past due. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's commercial invoice. As set forth in the principal invoice, payment was due by February 16, 2015.

12. The General Terms and Conditions for Sale of Marine Fuel also provide: All deliveries of Marine Fuel under any Sales Agreement made hereunder are made not only on the credit of the Buyer but also on the faith and credit of the Vessel and it is agreed that the Seller will have and may assert a lien against such Vessel for any amounts due under the Sales Agreement. Exhibit B, Article 14.1.

13. The General terms and conditions of sale, as well as the confirmation letter provide that, upon provision of the marine fuel to the Vessel and arrest of the Vessel in the United States, Plaintiff held, pursuant to United States law, a maritime lien against the Vessel to secure the full amount owed to Plaintiff as invoiced for the fuel, together with Seller's attorney's fees and other costs of collection. Plaintiff has not been paid for the marine fuel that it provided to the Vessel.

### REQUEST FOR ARREST OF M/V STAR NASIA PURSUANT TO SUPPLEMENTAL RULE C

14. Pursuant to the General Terms, Article 13.5 the Buyer, defined in Article 1.1 as "the owners, charterers, and time charterers of the Vessel," and confirmed in the Confirmation Letter, Exhibit A, as M/V STAR NASIA and her owners/operators and Daebo International Shipping, is liable for "all costs including legal costs associated with the collection of any overdue payment and Buyer's breach of the Sales Agreement."

15. Upon information and belief, the M/V STAR NASIA is or will be within this District during the pendency of this admiralty and maritime claim to recover for necessaries provided by JH Marine to the M/V STAR NASIA.

16. Pursuant to Supplemental Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, JH Marine is entitled to arrest STAR NASIA to satisfy JH Marine's claims including but not limited to pre-judgment interest, costs, expenses, attorney's fees and damages.

## COUNT 2 – *IN PERSONAM* CLAIM UNDER RULE B

17. JH Marine Co. Ltd. alleges in the alternative that Star Trident II, LLC as registered owner of M/V STAR NASIA, Star Bulk Carriers Corp., beneficial owner of M/V STAR NASIA, and Starbulk S.A., as Ship manager of M/V STAR NASIA, hereinafter "Star Bulk Buyers," are buyers pursuant to the Sales Contract and General Terms and Conditions.

18. As shown by Exhibit C, M/V STAR NASIA received 397.378 metric tons of 380 CST bunker fuel at Singapore on January 18, 2015. Plaintiff, JH Marine Co., Ltd. has not been paid for the 397.378 metric tons of bunker fuel delivered to M/V STAR NASIA. Plaintiff alleges the value of the bunker fuel delivered to M/V STAR NASIA is $137,890.12. Star Bulk Buyers have been unjustly enriched in the amount of $137,890.12.

19. JH Marine Co., Ltd. alleges that Star Bulk Buyers entered into the Sales Agreement to purchase bunker fuel for M/V STAR NASIA at $347.00 per metric ton through the agent of Star Bulk Buyers, charterer Daebo, acting with apparent authority to enter into the Sales Contract for the purchase of bunker fuel. Plaintiff caused to be delivered 397.378 metric tons of bunker fuel to M/V STAR NASIA, having a value of $137,890.12. Plaintiff has not been paid for the bunker fuel delivered to M/V STAR NASIA. Plaintiff alleges that Star Bulk Buyers, Star Trident II, LLC, Star Bulk Carriers Corp. and Starbulk, S.A. breached the sales agreement and are jointly and severally liable to Plaintiff in the amount of $137,890.12, together with pre-judgment interest and all costs of collection, including attorney's fees.

20. Pursuant to the General terms, Article 13.5, the Buyer shall bear all costs including any legal costs associated with the collection of any overdue payment and the Buyer's breach of the Sales Agreement.

296093                                     5

## REQUEST FOR ATTACHMENT OF M/V STAR NASIA
## PURSUANT TO SUPPLEMENTAL RULE B

21. Plaintiff re-alleges and re-avers Paragraphs 17 through 20 as if the same were set out herein.

22. Upon information and belief, Star Trident II, LLC, Star Bulk Carriers Corp., and Starbulk, S.A. cannot be found within this District but have or will have property within the District, including but not limited to, the M/V STAR NASIA.

23. Pursuant to Rule B Supplemental Rules of Civil Procedure, JH Marine Co., Ltd. is entitled to attach all of the property of Star Trident II, LLC, Star Bulk Carriers Corp. and Starbulk, S.A. within this District including, but not limited to, M/V STAR NASIA to satisfy JH Marine Co., Ltd.'s claims, as well as other taxable costs to Star Bulk Buyers as a result of having to bring this action, including but not limited to, prejudgment interest, costs, expenses, and attorney's fees.

WHEREFORE, Plaintiff prays that this Court order as follows:

A. That this Verified Complaint be deemed good and sufficient.

B. That a Warrant of Arrest be issued, and that this Court direct the United States Marshal to arrest the M/V STAR NASIA, as well as its tackle and apparel, and serve a copy of this Verified Complaint and requiring that all persons interested in the Vessel to appear to answer the allegations contained herein; and

C. That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of Admiralty and Maritime Jurisdiction within the meaning of the Constitution of the United States and Fed. R. Civ. P. 9(h), may be issued against the Vessel, its engines, machinery and appurtenances, etc., and all other necessaries and equipment belonging and appurtenant thereto, as provided in Supplemental Rule C; and

D.  That all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessel, its engines, machinery and appurtenances, etc., and all other necessaries and equipment belonging and appurtenant thereto, may be seized, condemned and sold to pay the demands and claims aforesaid, with interest, costs and attorney's fees; and

E.  That after due proceedings had, Plaintiff's maritime lien resulting from the said provision of marine fuel be recognized as the paramount lien against the Vessel, superior to the claims and interests of all others, and that the said Vessel be condemned and sold to pay Plaintiff's claim, together with interest and costs and reasonable attorneys' fees; and

F.  That the amount claimed herein, together with all amounts required to be disbursed for the case and preservation of, movement of if necessary, and insurance on the Vessel, and all costs including attorneys' fees incurred by Plaintiff, be taxed as costs against the Vessel; and

G.  That it be declared that any and all persons, firms or corporations and all others claiming any interest in the Vessel are forever barred and foreclosed from all rights or equity of redemption or claim in and to the Vessel and every part thereof; and

H.  That after due proceedings, judgment be entered in favor of Plaintiff and against the Vessel, *in rem*, recognizing Plaintiff's preferred maritime lien, and for judgment *in rem* in the amount of at least $137,890.12, plus interest at the rate of 2% per month commencing February 17, 2015, plus prejudgment interest, attorney's fees, expenses and costs and any other further relief this Court deems proper; and

I.  That because Star Trident II, LLC, Star Bulk Carriers Corp. and Starbulk, S.A. are foreign corporations which cannot be found in this District, are not qualified to do business in the

State of Texas, and have no agent for the service of process within the District, that all of Star Trident II, LLC's, Star Bulk Carriers Corp.'s and Starbulk, S.A.'s goods, chattels, funds, credits, money and other assets found within this District, including M/V STAR NASIA, IMO No. 9361237, her engines, tackle, equipment, furniture, appurtenances, etc., be attached to satisfy the sum of JH Marine Co., Ltd.'s claims up to the amount of $137,890.12, plus pre-judgment interest and costs and expenses, including attorney's fees, all pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, including the fees and costs of the United States Marshal; and

J.   That this Court issue a Writ of Maritime Attachment and Garnishment of all property of Star Trident II, LLC, Star Bulk Carriers Corp. and Starbulk, S.A. in this District to the Master of the M/V STAR NASIA; and

K.   That this Court retain the attached property and/or proceeds of sale as security pending JH Marine Co., Ltd.'s claims against Star Trident II, LLC, Star Bulk Carriers Corp. and Starbulk, S.A.; and

L.   That any property attached in this proceeding be sold under the direction of this Court and the proceeds deposited ink the Registry of the Court; and

M.   That this Court retain jurisdiction over Star Trident II, LLC, Star Bulk Carriers Corp. and Starbulk, S.A. to attach their property found within the District in order to enter judgment upon conclusion of this civil action in favor of JH Marine Co., Ltd. against Star Trident II, LLC, Star Bulk Carriers Corp. and Starbulk, S.A., *in personam* in the amount of JH Marine Co., Ltd.'s claim and any additional amounts owing, including but not limited to prejudgment interest, attorney's fees, costs, expenses, including the fees and costs of the United States Marshal; and

N. That this Court enter judgment in favor of JH Marine Co., Ltd. against Star Trident II, LLC, Star Bulk Carriers Corp. and Starbulk, S.A. jointly and severally, in the principal amount of $137,890.12, plus prejudgment interest, attorney's fees, costs, and expenses including the fees and expenses of the United States Marshal; and

O. That this Court grant JH Marine Co., Ltd. such other and further relief as may be just and proper.

Dated: November 12, 2015.

> Respectfully submitted,
>
> By: /s/ James F. Buchanan
> James F. Buchanan
> State Bar No. 03287500
> Federal ID No. 0328
> jbuchanan@welderleshin.com
> Dabney Welsh Pettus
> State Bar No. 24033443
> Federal ID No. 29959
> dpettus@welderleshin.com
>
> **ATTORNEYS-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:

WELDER LESHIN LLP
800 North Shoreline Blvd.
Suite 300, North Tower
Corpus Christi, Texas 78401
(361) 561-8000 – Telephone
(361) 561-8001 – Telecopier

C. Gordon Starling, Jr.
Law Office of C. Gordon Starling, L.L.C.
601 Poydras St., Suite 1600
New Orleans, Louisiana 70130
(504) 525-2141 - Telephone
(504) 523-1587 - Telecopier

## VERIFICATION OF COMPLAINT

I, James F. Buchanan, am an attorney admitted to practice in the Courts of the State of Texas, the Southern District of Texas and the United States Fifth Circuit Court of Appeals and am a partner with the law firm of Welder Leshin LLP and counsel to Plaintiff. I verify under solemn affirmation that the facts alleged in the foregoing Verified Complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me. The reason I make this declaration is that Plaintiff is a foreign corporation with no officers or directors within this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on November 11th, 2015.

_James F. Buchanan_
James F. Buchanan

296093                                       10