UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JH MARINE CO., LTD.,        § | |
| § | |
| Plaintiff,        § | |
| VS.        § | CIVIL ACTION NO. 2:15-CV-463 |
| § | |
| M/V STAR NASIA, HER ENGINES,        § | |
| TACKLE, MACHINERY, ETC., *et al*,        § | |
| § | |
| Defendants.        § | |

## ORDER DENYING MOTION TO VACATE

JH Marine Co., Ltd. (JH Marine) filed this action against M/V STAR NASIA in rem, and against Star Trident II, LLC, Star Bulk Carriers Corp., and Starbulk, S.A. in personam (collectively Defendants) for monies allegedly owed for the sale of fuel bunkers to the M/V STAR NASIA. D.E. 1. In so doing, JH Marine is prosecuting a federal maritime lien against the M/V STAR NASIA pursuant to 46 U.S.C. § 31342 for providing necessaries to the vessel. D.E. 14. Previously, to resolve multiple motions related to the arrest of the vessel,[1] the parties agreed that Defendants would post security for the payment of JH Marine's claim should it prevail in this collection action so that the vessel would not be taken out of service.

Before the Court is Defendants' "Motion to Vacate and for Damages Due to Wrongful Arrest and Attachment" (D.E. 11), arguing that JH Marine has no claim to a lien upon the M/V STAR NASIA or the posted security because the fuel bunkers were

---

[1] "Motion For Order Authorizing Issuance Of Warrant For Arrest Of Vessel" (D.E. 2), "Motion for Issuance of a Writ of Attachment and Garnishment" (D.E. 4), and "Motion to Permit Vessel Movement" (D.E. 6).

ordered by Daebo International Shipping Co., Ltd. (Daebo) as charterer of the M/V STAR NASIA pursuant to a Charter Party.  The Charter Party included a "prohibition of lien" clause that prohibited Daebo from permitting any liens or encumbrances to be fixed on the vessel prior to the interests of the Defendants.  D.E. 11-2, ¶ 23.  Daebo was responsible for notifying suppliers of this prohibition of lien clause and according to Defendants, Daebo did, in fact, do so.  *Id*., ¶ 51.

While JH Marine, as supplier, did not have a duty of inquiry as to any prohibition of lien, its attempted encumbrance will be defeated if it had actual knowledge of the restriction on Daebo's authority over the vessel.  *Gulf Oil Trading Co., v. M/V CARIBE MAR*, 757 F.2d 743, 749 (5th Cir. 1985).  While Defendants do not show any notice given to JH Marine directly, Defendants attach evidence that Daebo gave notice to Mosestide PTE LTD (Mosestide) and to Wired Bunkering (Wired), listed as "agent" and "physical supplier," respectively, on JH Marine's Confirmation Letter (D.E. 11-3).

JH Marine has responded with uncontroverted evidence that Mosestide was not acting as an agent for JH Marine, but was listed on the Confirmation Letter as the agent for Daebo for purposes of ensuring seamless logistics for the completion of the transaction.  D.E. 14-1.  Likewise with uncontroverted evidence, JH Marine asserts that Wired was an independent entity hired by an intermediary to deliver the bunkers to the M/V STAR NASIA without any agency relationship with JH Marine.  *Id*.

As noted in *Gulf Oil*, the purpose of the actual knowledge requirement is to give the supplier an opportunity to make an informed business decision whether to supply the vessel, require alternative payment arrangements, or assume the risk.  *Gulf Oil*, 757 F.2d

at 749.  Daebo providing notice to Wired, which had no agency relationship with JH Marine, did not supply JH Marine with that opportunity to make an informed business decision.  *See id*. at 750-51.  In their reply (D.E. 22), Defendants contend that Wired was notified so far in advance that *Gulf Oil*'s in-the-process-of-delivery scenario is distinguishable.  Yet Defendants offer no evidence or authority to support their proposition that the advance nature of the notice to Wired was, or should be construed to be, actual notice to JH Marine absent an agency relationship.

The Court finds that JH Marine has met its burden under Admiralty Rule E(4)(f) to demonstrate that it did not have actual knowledge of the prohibition of lien clause restricting Daebo's authority to bind Defendants.  Instead, pursuant to the evidence of record, Daebo incurred the obligation to JH Marine as charterer of the vessel, which creates a presumption of authority to procure necessaries for the vessel.  46 U.S.C. § 31341.  Neither Mosestide nor Wired, the entities that had actual knowledge of the prohibition of lien, was an agent of JH Marine.  Notice to those entities was ineffective.

For these reasons, the Court DENIES the motion to vacate (D.E. 11).

ORDERED this 3rd day of February, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE